# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WILLIAM BURKE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | CIVIL NO. 5:23-CV-00458-MTT-CHW |
| | : | |
| WARDEN TIMOTHY SALES, | : | |
| | : | |
| Respondent. | : | |

_____

## RECOMMENDATION

Presently pending before the Court is a document filed by *pro se* Petitioner William Burke, an inmate in the Dooly State Prison in Unadilla, Georgia, that has been docketed as a petition filed pursuant to 28 U.S.C. § 2254 seeking federal habeas corpus relief (ECF No. 1). This document, however, is titled "Motion for Rule 60 Relief" and specifically addresses that standard. *See, e.g.,* Mot. 1-2, ECF No. 1. Petitioner has also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2) and a motion to amend his Rule 60 motion (ECF No. 4). For the following reasons, it is **RECOMMENDED** that the Clerk of Court transfer this action and all pending motions to the United States District Court for the Northern District of Georgia, Atlanta Division.

## DISCUSSION

Petitioner has filed his motion pursuant to Federal Rule of Civil Procedure 60(b)(6). Mot. 1, ECF No. 1. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," Fed. R. Civ. P. 1, and Rule

60(b) provides a party with an avenue to seek relief "from a final judgment, order, or proceeding" in a district court. Under Rule 60(b), the court can provide relief from a judgment or order in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

While Rule 60(b) may be used to challenge the integrity of a previous *federal* habeas corpus proceeding, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), it may not be used to challenge or assert claims of error in a *state* conviction.[1] Moreover, any petitioner who wishes to use Federal Rule of Civil Procedure 60(b) to reopen a judgment denying his federal habeas corpus petition may be subject to the restrictions federal law places on second or successive habeas petitions. *Id.* at 538 (holding that a Rule 60(b)(6) motion in a § 2254 action does not amount to a successive habeas petition only "if it does not assert, or reassert, claims of error in the movant's state conviction").

It is not entirely clear from Petitioner's motion which court decisions he seeks to attack; he generally appears to disagree with the decisions of each court that handled his claims. It is clear, however, that Petitioner is currently incarcerated based on a 2014 conviction from the Superior Court of DeKalb County, Georgia. *See, e.g.,* Attach. 1 to

---

[1] Additionally, Rule 60(b) does not apply to criminal judgments. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (holding that "Rule 60(b) simply does not provide for relief from judgment in a criminal case").

2

Am. Mot. 1-2, ECF No. 4-1 (verdict form).  And construed liberally, his motion can be read as seeking to reopen the judgment of the United States District Court for the Northern District of Georgia denying his federal habeas corpus petition related to that conviction.  *See generally Burke v. Smith*, Civil Action No. 1:20-CV-1096-AT, 2021 WL 11707658 (N.D. Ga. Mar. 22, 2021), *aff'd Burke v. Warden*, No. 21-11224, 2022 WL 2915693 (11th Cir. July 25, 2022) (per curiam); *see also* Mot. 1, ECF No. 1.

      This Court is not the most appropriate forum for hearing Petitioner's claims for at least two reasons.  First, Rule 60(b)(6) does not generally permit one federal district court to revisit the orders of another federal district court.  *See, e.g., Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 394 (5th Cir. 2001) ("Typically, relief under Rule 60(b) is sought in the court that rendered the judgment at issue.").  Petitioner has not alleged that any exceptional circumstances apply to this case that would warrant a departure from that general rule.  Second, the district courts do not automatically have jurisdiction to consider successive habeas petitions, as Petitioner appears to recognize.  *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).  Although Petitioner contends his Rule 60(b) motion is not a successive habeas corpus petition, the court handling his claims is obliged to ensure that Petitioner has properly characterized them.  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction").  Petitioner's DeKalb County conviction arose in the Northern District of Georgia, 28 U.S.C. § 90(a)(2), and the Georgia district courts have a long-standing policy of hearing § 2254 petitions in the district where the petitioner

3

was convicted, *see Eagle v. Linahan*, 279 F.3d 926, 933 n.9 (11th Cir. 2001). The question of whether Petitioner's Rule 60(b) motion is actually a successive § 2254 petition is thus more properly resolved by a court in that district.

## CONCLUSION

For these reasons, it is **RECOMMENDED** that this action and all pending motions be **TRANSFERRED** to the United States District Court for the Northern District of Georgia, Atlanta Division. *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 18th day of January, 2024.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge